IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANGELA DAWN EZEKIEL PLAINTIFF

vs. Civil No. 6:25-cv-06131

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION DEFENDANT

# MEMORANDUM OPINION

Angela Dawn Ezekiel ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background

Plaintiff filed her DIB application on June 26, 2023, alleging disabilities due to "cyclic neutropenia, lupus, fibromyalgia, epilepsy, chronic headaches, chronic pain, back issues, hand issues, foot issues, skins issues, digestive issues, and eye issues." (Tr. 109).[1] Plaintiff alleged an

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 6. These references are to the page number of the transcript itself not the ECF page number.

onset date of December 31, 2015. (Tr. 19). Plaintiff's application was denied on November 17, 2023, and upon reconsideration on April 5, 2024. *Id.*

Plaintiff requested an administrative hearing on her denied application, and this hearing was granted. (Tr. 46-85). The hearing was held on November 13, 2024. (Tr. 17). At this hearing, Plaintiff was present and was represented by Shannon Muse Carroll. *Id*. Plaintiff and Vocational Expert ("VE") Dianne Smith testified at the hearing. *Id*.

The Administrative Law Judge ("ALJ") entered an unfavorable decision on January 2, 2025. (Tr. 17-31). In this decision, the ALJ determined Plaintiff had not engaged in substantial gainful activity ("SGA") since December 31, 2015. (Tr. 19, Finding 2). The ALJ further determined that Plaintiff has severe impairments of seizure disorder, vasovagal syncope, postural orthostatic tachycardia syndrome ("POTS"), degenerative disc disease, migraines, fibromyalgia, Raynaud's syndrome, psoriasis, anxiety, depression, and post-traumatic stress disorder ("PTSD"). (Tr. 20, Finding 3). However, despite these impairments' severity, the ALJ determined that those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 21, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined her residual functional capacity ("RFC"). (Tr. 23-30). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id*. The ALJ also determined Plaintiff retained the RFC to perform light work with postural and environmental restrictions. *Id*.

The ALJ then evaluated Plaintiff's past relevant work ("PRW") and determined Plaintiff had none. (Tr. 30, Finding 6). However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 30, Finding 10). Through the testimony

of the VE, the ALJ found that Plaintiff could perform the representative occupations of (1) officer helper with approximately 43,000 jobs nationally, (2) merchandise marker with approximately 160,000 jobs nationally, and (3) subassembler with approximately 13,200 jobs nationally. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act from December 31, 2015, through September 30, 2021, the date last insured. (Tr. 31, Finding 11).

On December 10, 2025, Plaintiff filed the instant appeal. ECF No. 1. Plaintiff filed her Appeal Brief on June 30, 2026. ECF No. 10. The SSA filed its Appeal Brief on July 29, 2026. ECF No. 11. Accordingly, the matter is now ready for decision.

**2. Applicable Law**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least

one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox*, 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion</u>**

In her appeal brief, Plaintiff asserts that the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 10. In making this claim, Plaintiff raises the following

arguments for reversal: (1) the ALJ failed to evaluate any of Plaintiff's mental limitations as they relate to her RFC; and (2) the ALJ failed to consider Plaintiff's impairments as a whole.

**A. Mental Limitations in Plaintiff's RFC**

Plaintiff first asserts that the ALJ erred in failing to consider her mental limitations when determining her RFC. ECF No. 10. At Step Two of the SSA's five-step sequential evaluation, the ALJ must determine whether the claimant has "a severe medically determinable physical or mental impairment," or "a combination of impairments that is severe," that lasted or is expected to last for at least twelve months. *See* 20 C.F.R. §§ 404.1509, 416.909; 404.1520(a)(4)(ii); 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). Here, at Step Two, the ALJ acknowledged that Plaintiff had a medically determinable mental impairment from depression, anxiety, and PTSD. (Tr. 20). The ALJ's evaluation of any mental limitations found a mild limitation in Plaintiff's "understanding, remembering or applying information" in "interacting with others" and in "adapting or managing oneself." (Tr. 22). The ALJ did find a moderate limitation in concentrating and maintaining pace. *Id*. Plaintiff asserts that the ALJ failed to properly consider these limitations in the formulation of her RFC. ECF No. 10, p. 3.

The ALJ appropriately considered Plaintiff's mild and moderate impairments found in Step Two while formulating the RFC at Step Four. (Tr. 20-30). First, the ALJ discusses Plaintiff's reported mental limitations when explaining the RFC formulation. (Tr. 24). The ALJ explains why other evidence made Plaintiff's self-reported limitations less credible and insufficient to require including exclusions for them in the RFC, noting several instances in which Plaintiff

presented with intact memory for "recent and remote events" with normal concentration. (Tr. 23-29).

When formulating Plaintiff's RFC at Step Four, the ALJ discussed Plaintiff's reported mental limitations and medical records to the contrary at some length. *Id*. Based on this, the ALJ determined that evidence in the record of Plaintiff's daily activities precluded finding that any mental limitations were significant enough to interfere with her ability to perform work, stating that "the longitudinal record shows that the claimant was alert, oriented, had a normal mood and affect, and had normal cognition, attention, concentration, memory, insight, and judgment. Claimant acknowledged driving, performing as a seasonal singer, creating art, volunteering in her community, and maintaining a public performing and volunteering social media presence." (Tr. 28) (citations omitted).

Precedent makes clear that where an ALJ's finding of a mental limitation at Step Two can be "harmonized" with the Step Four determination, there is no reversable error. *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006). With an eye toward harmony, the Court finds that the ALJ determined that the mild limitations from Step Two were contradicted by other evidence in the record to such a degree that the RFC formulation at Step Four did not require the inclusion of any mental limitations. Accordingly, the Court finds that the ALJ did not commit reversable error by declining to include any additional mental limitations in formulating Plaintiff's RFC.

**B. Plaintiff's Impairments as a Whole**

Plaintiff also argues, in essence, that the ALJ's RFC formulation is not supported by substantial evidence. ECF No. 10, pp. 9-19. Plaintiff emphasizes that her numerous medical conditions require numerous doctor's visits, as indicated by her extensive medical records. *Id*.

Plaintiff additionally notes that her symptoms themselves are reported to cause her to be incapacitated "three to four days per week" which, in conjunction with frequent doctor visits would prevent her from meaningfully competing in a job market. Plaintiff concludes that viewing the record as a whole demonstrates that the ALJ's decision is contradicted by the overall weight of the evidence and must be reversed and remanded for reconsideration. In response, the Commissioner argues that there is sufficient evidence in the record to support the ALJ's determination that Plaintiff could still perform light work with some modifications and restrictions. ECF No. 11, p. 6-8. The Commissioner first notes that the ALJ accounted for Plaintiff's various severe impairments, including her migraines, seizure disorder, and fibromyalgia in his RFC determination. *Id.*

The Court finds that the ALJ's Step Four evaluation of Plaintiff's RFC must be affirmed. Though Plaintiff has highlighted substantial evidence supporting her assertion of disability, the Court's review is not an evaluation of what other conclusions the ALJ could reach or what the Court would have determined. *See Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021); *Scott v. Berryhill*, 855 F.3d 853, 856 (8th Cir. 2017). While Plaintiff does cite medical records that align with her assertion of disability, they do not overwhelm the medical evidence from the relevant period that indicates her impairments were not so debilitating that they would preclude the light work outlined in the RFC. Evidence in the record also weighs against Plaintiff's allegations regarding the severity of her pain, as she reported during multiple medical appointments in the relevant period that her gait and range of motion was normal and had no or minimal joint tenderness or swelling. The ALJ specifically listed contrary evidence, noting: "The longitudinal record shows that the claimant had a normal gait, normal strength, normal balance, an intact sensory, and a normal range of motion to her extremities (Exhibits 1F, pages 7-10, 23-26, 63-68;

2F, pages 36-39; 3F, pages 5 11; 5F, pages 44-49; 7F, pages 9-10; 9F, pages 22-27; 11F, pages 57-61; 12F, pages 24-27; and 14F, pages 39-46)." (Tr. 28)..[2] *See Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.") (quotation omitted). The ALJ's evaluation is further supported by Plaintiff's self-reported ability to perform various tasks during this period including driving and volunteering. (Tr. 28).

Accordingly, evaluating the record as a whole, the ALJ's decision regarding Plaintiff's RFC and corresponding denial of Plaintiff's application for disability benefits must affirmed.

**4. Conclusion**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and the decision is **AFFIRMED.**

**ENTERED this 10th day of September 2026.**

/s/ *Spencer G. Singleton*
Honorable Spencer G. Singleton
United States Magistrate Judge

[2] These exhibits cited can be found in the transcript, at the following pages: Tr. pp. 314-317; 330-333; 370-375; 411-414; 452-458; 519-524; 619-620; 689-694; 783-787; 874-877; 1016-1023.